E-filing

**Sarah L. Lawrence SBN No.: 103163**
**Shimea C. Anderson SBN No.:234717**
**SARAH LAWRENCE & ASSOCIATES**
**427 Grand Avenue**
**Oakland, CA 94610**
**Phone(510) 836-3618**
**Fax:(510) 836-3562**

Attorneys for Plaintiff
JOHNTUE CALDWELL

FILED
JAN - 4 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JOHNTUE CALDWELL,

Plaintiff

vs.

BAY AREA RAPID TRANSIT DISTRICT; GARY GEE, in his official capacity as CHIEF OF POLICE for BAY AREA RAPID TRANSIT DISTRICT, JOHANNES MEHSERLE individually and in his official capacity as a police officer for BART; ANTHONY PIRONE, individually and in his personal capacity as a police officer for BART; MARYSOL DOMENICI, individually and in her official capacity as a police officer for BART; and DOES 1-50, inclusive,

Defendants.

CASE NO.: C10-00005 EMC

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

JURY TRIAL DEMANDED

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

**INTRODUCTION**

1. Plaintiff, JOHNTUE CALDWELL, brings this action against individual police officers, and supervisors of Bay Area Rapid Transit District Police Officers (hereafter, BART Officers) for damages arising out of being assaulted, threatened, and unlawfully detained, in violation of his civil rights, during the early morning hours of New Year's Day 2009.

**JURISDICTION**

2. Plaintiff brings this action against defendants to redress the deprivation of rights secured plaintiff by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the common law.

3. Plaintiff is a citizen of California. Each defendant is, upon information and belief, a citizen of California.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a), and 42 U.S.C. § 1983.

5. Plaintiff also invokes supplemental jurisdiction of this Court over plaintiff's state claims against defendants for common law violations pursuant to 42 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

7. Plaintiff herein, JOHNTUE CALDWELL, is and at all times herein mentioned was a citizen of the United States, and a resident of California.

8. Defendant BAY AREA RAPID TRANSIT DISTRICT ("BART") is a governmental entity, duly organized and existing under the laws of the State of California. BART operates the BAY AREA RAPID TRANSIT DISTRICT POLICE DEPARTMENT ("BART PD").

9. At all times herein mentioned defendant, GARY GEE ("CHIEF GEE") was the CHIEF OF POLICE for BART. Defendant, CHIEF GEE, is sued herein in his individual and official capacity as the CHIEF of POLICE for BART.

10. At all times mentioned herein, defendant JOHANNES MEHSERLE was an employee of BART. He is being sued individually and in his official capacity as a POLICE OFFICER for BART.

11. At all times mentioned herein, defendant ANTHONY PIRONE was an employee of BART. He is being sued individually and in his official capacity as a POLICE OFFICER for BART.

12. At all times mentioned herein, defendant MARYSOL DOMENICI was an employee of BART. She is being sued individually and in her official capacity as a POLICE OFFICER for BART.

13. Plaintiff, being ignorant of the true names and capacities of Defendants, DOES 1 through 50 inclusive, therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

14. DOES 1 through 25, inclusive, are police officers employed by defendant BART, acting within the course and scope of their employment by defendant BART, and were directly involved in the assault, threatening and unlawful detention of Plaintiff. DOES 26 through 50, inclusive, are defendant police officers employed by defendant BART, acting within the course and scope of their employment by defendant BART, were employed in a supervisory capacity by defendant BART and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training defendant police officers employed by BART in the proper and reasonable making of detentions and arrests.

///

**STATEMENT OF FACTS**

15. During the early morning hours of January 1, 2009, Mr. JOHNTUE CALDWELL was riding a Bay Area Rapid Transit District train ("Train") back to the east bay after a night of celebrating New Year's Eve in San Francisco. He was accompanied by Mr. Oscar Grant and several other friends and acquaintances.

16. At or about the Lake Merritt BART Station, an altercation broke out on the Train. The altercation lasted for only a couple of hectic minutes and was punctuated by a brief exchange of pushing and shoving. There is no evidence that physical injuries or acts of vandalism occurred during the course of the altercation. Unbeknownst to the Train's passengers, several BART police officers were dispatched to meet the train at the Fruitvale BART Station and quash the altercation. However, the Train was peaceful when it arrived at the Fruitvale BART Station. Neither Mr. CALDWELL, nor any of his acquaintances where involved in said altercation.

17. When the Train pulled into the Fruitvale BART Station platform, its doors opened and many of its passengers disembarked. The Train remained with its doors open on the platform for several minutes. Several BART Police Officers, including, but not limited to, Officers Johannes Mehserle, Anthony Pirone and Marysol Domenici made their way onto the station's platform. While the Train was stopped and without knowledge of any particularized facts identifying anyone as having been involved.

18. When the doors opened, several of Mr. CALDWELL's acquaintances exited ahead of him. Mr. CALDWELL attempted to step out of and disembark the Train. He then noticed that several of his acquaintances where being detained by Defendants. Officer Domenici then began cursing at Mr. CALDWELL, using a racial slurs, and ordered him to get on the ground. Mr. CALDWELL started to reply by questioning the order barked by Officer Domenici, when he felt the nose of her taser touch his forehead. At the time of this detention and threats with the taser, Officer

Domenici had not seen Mr. CALDWELL commit a crime nor did she have any information that Mr. CALDWELL had committed a crime.

19. Officer Domenici got in the face of Mr. CALDWELL and repeatedly pointed her taser at him, rubbing it against his nose and eyes threatening to tase him in the face. Mr. CALDWELL continued to question the reason for his detention and the use of threats made against him by the Officers. Neither Mr. CALDWELL, nor any of his acquaintances act in a physically aggressive manner toward Officer Domenici. At the time that she was threatening to taser Mr. CALDWELL in the face, neither Mr. CALDWELL nor any of the other men had committed any crime.

20. As Mr. CALDWELL was being detained by Officer Domenici, he witnessed his close friend, Mr. Oscar Grant, get shot in the back while laying face down on the pavement. Mr. Oscar Grant was not armed and was fully submissive to the demands of the Defendant Officers. After witnessing the unlawful shooting death of his close friend, Mr. CALDWELL was immediately in fear of losing his life. Officer Domenici continued to use the taser to threaten Mr. CALDWELL, and as he attempted to leave the train area, in fear for his life, she ordered him back towards the train platform.

21. As Officer Domenici continued to use the taser to threaten Mr. CALDWELL, ordering him to stay on the train platform, he was in fear for his life, believed that he could be killed and therefore believed that he had no reasonable means of escape.

22. During Officer Domenici's threats to taser Mr. CALDWELL in the face, and while pressing her taser against his head, she cursed and called Mr. CALDWELL a "nigger".

23. Within moments of the shooting, BART Police Officers immediately began seizing witnesses' cameras and other recording devices. Mr. CALDWELL was ordered to re-board the train and the Defendant Officers ordered the train operator to take the train away from the station platform.

24. Plaintiff is informed and believes and thereon alleges that on the night of the incident, a non-professional relationship existed between one or more of the BART Officers on the scene at the Fruitvale station when Mr. CALDWELL was assaulted, threatened, unlawfully detained, and assumes that this non-professional relationship contributed to his being assaulted, threatened, and unlawfully detained.

25. Plaintiff, based on information and belief, alleges that BART by and through Chief Gee and one or more of his command officers, particularly the assignment officer(s), were aware of this relationship yet made no effort to alter their assignment so that their work as BART police officers would not be compromised.

26. Plaintiff, based on information and belief alleges that this practice of assigning individuals together who have a non-professional relationship was deliberately indifferent to the constitutional rights of Mr. CALDWELL and others.

27. Plaintiff, based on information and belief, alleges that BART and CHIEF GEE, and DOES 26-50, inclusive, breached their duty of care to the public in that they failed to adequately train, supervise, and discipline their police officers in the proper making of detentions, arrests and use of force.

28. The lack of adequate supervisorial training demonstrates the existence of an informal custom, policy or practice of promoting, tolerating, and/or ratifying with deliberate indifference the continued making of assaults, threats, unlawful detentions, and use of excessive force against Mr. CALDWELL.

29. This informal custom was practiced by police officers JOHANNES MEHSERLE, ANTHONY PIRONE, MARYSOL DOMENICI and DOES 1-50 inclusive, employed by Defendant BART.

**DAMAGES**

30. As a consequence of Defendant's violation of Plaintiff's federal civil rights under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and the Fourteenth Amendment, Plaintiff JOHNTUE CALDWELL was mentally, and emotionally injured and damaged as a proximate result of the unlawful detention, assault, arrest, and shooting death of Mr. Grant and the assault, threatening, and unlawful detention of Plaintiff JOHNTUE CALDWELL.

31. As a consequence of Defendants violation of Plaintiff's federal civil rights under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and the Fourteenth Amendment, Plaintiff JOHNTUE CALDWELL was mentally, and emotionally injured and damaged as a proximate result of the lack of adequate supervisorial training demonstrating the existence of an informal custom, policy or practice of promoting, tolerating, and/or ratifying with deliberate indifference the continued making of unlawful detentions, arrests, and use of excessive and/or deadly force against detainees, Mr. Grant and Plaintiff JOHNTUE CALDWELL.

32. As a direct and proximate result of the acts and omissions of defendants, Plaintiff continues to feel pain from the injuries caused by Officer Domenici and the other BART Officers, was forced to suffer pain and mental cruelty, was deprived of physical liberty, and was forced to incur medical and legal expenses.

33. At all times pertinent to these allegations, Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants.

34. At no time did Officer Domenici, or any other defendant officer have probable cause to believe Plaintiff had committed or was committing a crime.

35. Officer Domenici and the other defendant officers acted with actual malice toward

Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff. Officer Domenici's actions and the actions of the other BART Officers constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

36. Upon information and belief, at all times pertinent, BART permitted and tolerated a pattern and practice of unreasonable use of force by police officers of BART.

37. Upon information and belief, BART has maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force by police officers.

38. The acts, omissions, systemic flaws, policies, and customs of BART caused police officers of BART to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against Plaintiff and others in the future.

39. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Plaintiff under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§ 1981, 1983, 1985, 1986.

///

**FIRST CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1981)**

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 of this complaint.

41. Defendants' above-described conduct violated the Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to have the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

**SECOND CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 of this complaint.

43. Defendants' above-described conduct, wherein it is alleged the Defendant Officers detained Plaintiff without reasonable suspicion, and violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

**THIRD CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 of this complaint.

45. Defendants' above-described conduct, wherein it is alleged that the Defendant Officers detained Plaintiff without probable cause violating his rights as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (detention).

**FOURTH CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 of this complaint.

47. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

**FIFTH CAUSE OF ACTION**

**(Conspiracy to Violate Plaintiff's Civil Rights)**

**(42 U.S.C. §1985)**

48. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 47 of this complaint.

49. In doing the acts complained of herein, Defendants PIRONE, MEHSERLE, DOMENICI and DOES 1 – 25 and each of them acted in concert and conspired to violate Plaintiff's federal civil rights to be free from unreasonable seizures and excessive and/or arbitrary force.

///

**SIXTH CAUSE OF ACTION**

**(Action for Neglect to Prevent Wrongs Conspired)**

**(42 U.S.C. §1986)**

50. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 49 of this complaint.

51. Defendant PIRONE, MEHSERLE, DOMENICI and DOES 1 – 25 and each of them had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same. None of the Defendants attempted to prevent and/or stop the violation of the decedent's civil rights.

**SEVENTH CAUSE OF ACTION**

**(Monell)**

**(42 U.S.C. §1983)**

52. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 51 of this complaint.

53. Plaintiff is informed and believes and thereon alleges that high ranking BART officials, including high ranking police supervisors such as Defendant CHIEF GEE, DOES 26 - 50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

54. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants

MEHSERLE, PIRONE, DOMENICI and DOES 1-25, and/or each of them Plaintiff's constitutional rights were violated.

55. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants MEHSERLE, PIRONE, DOMENICI and DOES 1-25, and/or each of them, Defendant CHIEF GEE, DOES 26-50, and/or each of them, encouraged these officers to continue their course of misconduct.

56. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking BART officials, including high ranking BART Police Department supervisors, Defendants CHIEF GEE, DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

57. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

**EIGHTH CAUSE OF ACTION**

**(Violation of Decedent's Right To Enjoy Civil Rights)**

**(Violation of CALIFORNIA CIVIL CODE §52.1)**

58. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 of this complaint.

59. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

**NINTH CAUSE OF ACTION**

**(Violation of Decedent's State Statutory Rights)**

**(Violation of CALIFORNIA CIVIL CODE §51.7)**

60. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 60 of this complaint.

61. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants PIRONE, MEHSERLE, DOMENICI and DOES 1 through 25, inclusive, as described herein, was motivated by prejudice against JOHNTUE CALDWELL. Plaintiff is and was readily recognizable as African-American. In engaging in such conduct, Defendants violated plaintiff's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

62. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

63. As a proximate result of Defendants' wrongful conduct, plaintiff suffered damages as hereinafter set forth.

**TENTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

64. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 of this complaint.

65. Defendants' above-described conduct was extreme, unreasonable and outrageous.

66. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of defendants' conduct.

**THIRTENTH CAUSE OF ACTION**

**(Assault And Battery)**

67. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 of this complaint.

68. Defendants' above-described conduct constituted assault and battery.

**<u>JURY DEMAND</u>**

69. Plaintiffs hereby demand a jury trial in this action.

/ / /

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $5,000,000;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendant BART Police Chief, defendant police officers and/or DOES 1-25, DOES 26-50 and/or each of them;
4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

**SARAH LAWRENCE & ASSOCIATES**

**Dated: December 31, 2009**

**SHIMEA C. ANDERSON, Esq.**
**Attorney for Plaintiff**